IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| DARIUS AMONTEE COLE, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-01105-JDB-egb |
| | ) |
| SHAWN PHILLIPS, | ) |
| | ) |
| Respondent. | ) |

ORDER DENYING MOTION FOR COUNSEL,
GRANTING MOTION TO DISMISS,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner, Darius Amontee Cole, a Tennessee state prisoner, has filed an amended *pro se* petition under 28 U.S.C. § 2254 seeking habeas corpus relief ("Amended Petition"). (Docket Entry ("D.E.") 12.) Currently before the Court are Petitioner's motion for appointment of counsel, (D.E. 20), and the motion of Respondent, Shawn Phillips, to dismiss the Amended Petition as untimely, (D.E. 18). For the reasons that follow, the Court denies the motion for counsel and grants the motion to dismiss.

**BACKGROUND**

On June 16, 2009, when he was twenty years old, a juvenile delinquency petition was filed against Petitioner alleging two counts of rape of a child, which occurred in 2002 when he was thirteen years old. The juvenile court ordered a mental health evaluation and transferred the case to the circuit court for the inmate to be tried as an adult. In November 2009, a Madison County grand jury indicted Cole on two counts of rape of a child. (D.E. 15-1 at PageID 108-10.) The State thereafter filed a notice of request for enhanced punishment based on his previous

1

criminal history, which included two convictions for attempted aggravated rape and one conviction for aggravated sexual battery, among other things. (*Id.* at PageID 118.)

Petitioner agreed to plead guilty to both counts of rape of a child in exchange for concurrent twenty-year sentences. (*Id.* at PageID 156-58.) On September 20, 2010, the trial court entered judgments consistent with the terms of the plea agreement. (*Id.* at PageID 159-60.) Cole did not seek a direct appeal.

On January 30, 2012, he filed a *pro se* petition for post-conviction relief in the state court. (D.E. 15-2 at PageID 161.) The clerk of court sent Petitioner a letter indicating several deficiencies in his filing, (*id.* at PageID 162), which he did not remedy. On October 26, 2015, the trial court summarily denied the petition as untimely and for failing to state a colorable claim for relief. (*Id.* at PageID 163.) No appeal was taken.

Cole filed his federal habeas petition ("Petition") on June 5, 2017. (D.E. 1.) In an Amended Petition filed on July 17, 2017, he asserted two claims of ineffective assistance of counsel regarding the pre-trial investigation of his case and the validity of his guilty plea. (D.E. 12 at PageID 86, 89.) He also raised one claim of prosecutorial misconduct relating to the prosecution's use of his juvenile record. (*Id.* at PageID 87.)

## DISCUSSION

On August 17, 2017, Respondent filed a motion to dismiss the Amended Petition as untimely. (D.E. 18.) Petitioner responded to the motion, (D.E. 19), and subsequently filed a motion for appointment of counsel, (D.E. 20).

1. **Motion for Appointment of Counsel**

In the Amended Petition, the inmate asserts that he "need[s] coun[s]el to support this pe[]tition" because he is intellectually disabled and has "a history in and out [of] mental

2

institution[s]." (D.E. 12 at PageID 94.) In his later-filed motion for appointment of counsel, he argues that he needs an attorney to help him amend his Amended Petition because he "is unlearned in the law." (D.E. 20 at PageID 241-42.) The Court liberally construes the documents together as arguing for appointment of counsel based on Petitioner's alleged mental or intellectual disabilities and lack of legal training.

Appointment of counsel for an indigent petitioner is mandatory "[i]f an evidentiary hearing is warranted." *Rules Governing Section 2254 Cases in the United States District Courts*, Rule 8(c). A court will also appoint counsel when "the interests of justice or due process so require." *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986) (citing 18 U.S.C. § 3006A(g)). The determination of whether the interests of justice or due process require the appointment of counsel is left to the sound discretion of the court. *Id.* at 638. Factors to be considered include the legal and factual complexity of the case "and the petitioner's ability to investigate and present his claims . . . ." *Thomas v. Morgan*, No. 2:04-cv-02231-JDB-dkv, 2016 WL 1030153, at *6 (W.D. Tenn. Mar. 10, 2016) (quoting *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994)).

The interests of justice do not require that an attorney be appointed for Cole. His lack of legal training is common to most prisoners and his alleged intellectual or mental disabilities have not prevented him from presenting his claims and arguments. He has been able, perhaps with help, to submit cogent allegations and arguments in this case. His Amended Petition, for instance, clearly and directly articulates three grounds for relief. (D.E. 12 at PageID 86, 87, 89.) His Response to the motion to dismiss, which seems to be in his own words, is likewise coherent and reveals that he understands the need to explain why he filed his Petition late. (D.E. 19 at PageID 238.) The equitable tolling issue thus has not proven to be too complex for him. In

3

addition, because he is not entitled to equitable tolling, as will be discussed, he has no need for attorney assistance in further amending his claims.

Accordingly, the motion for appointment of counsel is DENIED. *See Lambert v. Perry*, No. 1:16-cv-02783-STA-egb, 2017 WL 4295232, at *3 (W.D. Tenn. Sept. 27, 2017) (denying motions of semi-literate petitioner for appointment of counsel where, "[w]ith the help of the prison legal aide," petitioner was able to "prepare[] . . . cogent documents"); *Flores v. Holloway*, No. 3:17-cv-00246, 2017 WL 2812908, at *2 (M.D. Tenn. June 29, 2017) (denying counsel where the petitioner had "access to an inmate legal helper or a translator who c[ould] read and write English, and the Petitioner [was] clearly able to communicate with the helper or translator").

### 2. Motion to Dismiss

Respondent asserts that the Amended Petition should be dismissed because Cole filed his original Petition more than five years after his conviction became final. (D.E. 18-1 at PageID 236.) Petitioner opposes the motion. (D.E. 19.)

A § 2254 petition is subject to a one-year statute of limitations. 28 U.S.C. § 2244(d)(1). The limitations period begins to run from the latest of four possible dates:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.*

The one-year statute of limitations in 28 U.S.C. § 2244(d)(1) is not a jurisdictional bar and is subject to equitable tolling under extraordinary circumstances. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003) (citing *Dunlap v. United States*, 250 F.3d 1001, 1007 (6th Cir. 2001), *abrogated on other grounds by Hall v. Lebanon Corr. Inst.*, 662 F.3d 745 (6th Cir. 2011)). Equitable tolling requires a petitioner to show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (holding that the party seeking equitable tolling bears the burden of establishing the elements of diligence and extraordinary circumstance)). In determining whether the burden has been met, a court must be mindful of the Sixth Circuit's "repeated[] caution[] that equitable tolling should be granted 'sparingly.'" *McSwain v. Davis*, 287 F. App'x 450, 456 (6th Cir. 2008) (quoting *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006)).

In this case, § 2244(d)(1)(A) applies, which means that Cole had one year from the date on which his conviction became final to file a federal habeas petition. As noted, Petitioner's judgment of conviction was entered on September 20, 2010, and he did not take a direct appeal. The judgment thus became final thirty days later on October 20, 2010, when the "time for seeking . . . review," 28 U.S.C. § 2244(d)(1)(A), in the state appellate court expired. *See* Tenn. R. App. P. 4(a) (providing thirty days for filing a notice of appeal). The one-year limitations period began to run from that date and expired on October 20, 2011.[1]

---

[1] The Antiterrorism and Effective Death Penalty Act's ("AEDPA's") one-year limitations period is tolled during the time "a properly filed application for State post-conviction or other collateral review . . . is pending . . . ." 28 U.S.C. § 2244(d)(2). This statutory tolling provision does not apply here because Petitioner filed for state post-conviction relief on January 30, 2012, which was after the AEDPA's limitations period expired. *See Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003) ("The [statutory] tolling provision does not . . . 'revive' the limitations period

The inmate filed his federal Petition on June 5, 2017, which was over five years after the limitations period expired. Respondent argues that Petitioner has not offered a reason for the delay which would warrant equitable tolling. (D.E. 18-1 at PageID 236.)

Cole used the Court's official § 2254 petition form for his Amended Petition. (D.E. 12.) The last question on the form asks "TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." (*Id.* at PageID 94.) Petitioner did not answer the question, but instead requested that counsel be appointed "[d]ue to the fact of [sic] have a mentally retard I.Q. on file and a history in and out [of] mental institution[s] I need coun[s]el to support this pe[]tition." (*Id.*) In his Response to the motion to dismiss, however, he provides an explanation for the late filing: "I 'object' to the 'Respondent' Response they know I don[']t know nothing about how much time I got to file anything they know all I had was family which know nothing about the l[a]w . . . ." (D.E. 19 at PageID 238.)

The inmate's assertions that he did not file a timely petition because he did not know about the statute of limitations and is untrained in the law are not adequate reasons for tolling the limitations period. The Sixth Circuit has long held that "ignorance of the law alone is not sufficient to warrant equitable tolling," *Griffin v. Rogers*, 399 F.3d 626, 637 (6th Cir. 2005) (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)); *see also Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004) (holding the AEDPA's clear statute of limitations provides constructive knowledge of the filing deadline). Additionally, Cole has not suggested that, in light of his

---

(i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run." (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998))).

Nevertheless, even if Petitioner were entitled to statutory tolling, he would be no better off. The state court denied his post-conviction petition on October 26, 2015, but he did not file his federal Petition until nearly two years later, on June 5, 2017.

6

ignorance of the law, he diligently sought help in filing his Petition during the year after his conviction became final, or even anytime over the course of the subsequent five years.[2]

Accordingly, because Petitioner has not established that he is entitled to equitable tolling, the Amended Petition is DISMISSED as untimely.

## APPEAL ISSUES

A § 2254 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1). A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2)-(3). A "substantial showing" is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting *Slack v. Mc Daniel*, 529 U.S. 473, 484 (2000)). "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Dufresne v. Palmer*, 876 F.3d 248, 253 (6th Cir. 2017) (quoting *Slack*, 529 U.S. at 484).

In this case, reasonable jurists would not debate the correctness of the Court's decision to dismiss the Amended Petition. Because any appeal by Petitioner does not deserve attention, the Court DENIES a certificate of appealability.

---

[2] Petitioner has not argued that his alleged mental or intellectual disabilities kept him from filing his Petition on time. However, even if he intended to make that argument, he has not suggested how those issues are responsible for a *five-year* delay.

7

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court. *Id.*

In this case, for the same reasons it denies a COA, the Court CERTIFIES, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is therefore DENIED.

IT IS SO ORDERED this 26th day of February 2018.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE